# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENT BROWN,<br><br>     Petitioner,<br><br>v.<br><br>ROBERT J. AYERS, Jr., Warden,<br><br>     Respondent. | 1:09-cv-00179 AWI JMD (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

Clement Brown (hereinafter "Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a conviction for first degree murder. Petitioner is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, but the events complained of herein took place at San Quentin State Prison in San Quentin, California.

With this petition, Petitioner does not challenge his underlying conviction and sentence. Rather, he challenges two prison disciplinary actions taken against him regarding rules violations that occurred on October 26, 2006 (03-06-NB-10-024), and on December 30, 2006 (06-5-C-12-08).

On December 17, 2007, Petitioner filed a petition for writ of habeas corpus with the Marin County Superior Court. The court denied the petition in a reasoned decision on May 19, 2008. (See Resp't's Answer Ex. 2, Dec. 11, 2009, ECF No. 16.)

Petitioner filed petitions for writ of habeas corpus with the California Court of Appeal and the California Supreme Court. Both courts issued summary denials of the petitions.

Petitioner filed the instant petition for writ of habeas corpus on November 19, 2008. Respondent filed an answer to the petition on December 11, 2009, to which Petitioner filed a traverse on January 6, 2010.

## FACTUAL BACKGROUND

03-06-NB-10-024

On October 26, 2006, the following contraband was found in Petitioner's cell: approximately 100 store-bought DVDs, approximately 100 copied DVDs with "To Mick" written on them, approximately 100 compact discs, a fish bowl with three live gold fish and a manufactured pump, five lighters, six remote controls, and an audio entertainment appliance that does not comply with property regulations. Petitioner shared the cell with inmate Zonio at the time of the search. The contraband was spread out over both bunks and the staff could not determine to whom the property belonged. Both inmates were charged with possession of the contraband and issued CDC 115s[1]. (Answer Ex. 3, 25-26.)

A hearing took place on November 19, 2006, where Petitioner pled "not guilty," claiming that the property in question was his cellmate's and not his. Inmate Zoino corroborated Petitioner's story by claiming full ownership of all of the contraband. The senior hearings officer found Petitioner guilty due to the quantity and location of the contraband. (Answer Ex. 3, 26.)

Petitioner made a second level appeal, which was denied because the reviewer found that the contraband in question was clearly valued at more than fifty dollars. The reviewer also found that, due to the volume and location of the contraband, it was reasonable to believe that both inmates had ownership interests in the property in question. Finally, the reviewer found that Petitioner's due process rights were not violated. (Answer Ex. 3, 39.)

Petitioner appealed to the director's level, where his appeal was denied. The director found that all of the due process requirements for a prison disciplinary action had been met. The director

---

[1] A CDC 115 documents misconduct believed to be a violation of law or otherwise not minor in nature. See Cal.Code Regs., tit. 15, § 3312(a)(3); In re Gray, 151 Cal.App.4th at 389.

further found that the rule violation was properly classified as "serious" in that the contraband discovered easily exceeded fifty dollars in value and that Petitioner had rightly been assessed ownership of the contraband because a portion of it was discovered in his area of control. (Answer, Ex. 3, 40.)

<u>06-5-C-12-08</u>

On December 30, 2006, the following contraband was found in Petitioner's single man cell: one Tupperware food container with the name "Buffy" written on it, one ink pen, a large amount of masking tape, and one mirror. Petitioner refused to explain to the supervisor in charge or the hearing officer how he came into possession of the items. Petitioner received a CDC 115 for the violation. (Answer Ex. 3, 21-22.)

A hearing was conducted on January 10, 2007. Petitioner pled "not guilty," claiming that he did not know the items were contraband. Petitioner was found guilty and assessed a thirty day credit forfeiture

Petitioner made a second level appeal, claiming that he did not know the property was contraband and that the rules governing what property inmates are allowed to possess are vague. The appeal was denied. (Answer Ex. 3, 54.)

Petitioner made a director's level appeal claiming that he had obtained the Tupperware and the ink pen before the rules were modified to only allow specific items bought from specific vendors, and that he did not know that the items were now considered contraband. Petitioner's director's level appeal was denied. (Answer Ex. 3, 54-55.)

**DISCUSSION**

**I. Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. In addition, Petitioner is currently housed in a State facility in Corcoran, California, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(d)

(vesting concurrent jurisdiction in the district court of the judicial district wherein the petitioner is in custody and wherein the alleged deprivation took place). Accordingly, the Court has jurisdiction over the action. If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Thus, this Court has subject matter jurisdiction.

## II.  Legal Standard of Review

This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The instant petition is reviewed under the provisions of AEDPA. Lockyer v. Andrade, 538 U.S. 63, 70 (2003). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer, 538 U.S. at 70-71; see Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. 63, 71 (2003) (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Id. (quoting Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, (quoting 28 U.S.C. § 2254(d)(1)). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996). Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct, 28 U.S.C. § 2254(e)(1), and we are bound by a state's interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir. 2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

Thus, the initial step in applying AEDPA's standards is to "identify the state court decision that is appropriate for our review." Barker v. Fleming, 423 F.3d 1085, 1091 (9th Cir. 2005). Where more than one State court has adjudicated Petitioner's claims, a federal habeas court analyzes the last reasoned decision. Id. (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) for the presumption that later unexplained orders, upholding a judgment or rejecting the same claim, rests upon the same ground as the prior order). The Ninth Circuit has further stated that where it is undisputed that federal review is not barred by a state procedural ruling, "the question of which state court decision last 'explained' the reasons for judgement is therefore relevant only for purposes of determining

whether the state court decision was 'contrary to' or an 'unreasonable application of' clearly established federal law." Bailey v. Rae, 339 F.3d 1107, 1112-1113 (9th Cir. 2003).  Thus, a federal habeas court looks through ambiguous or unexplained State court decisions to the last reasoned decision in order to determine whether that decision was contrary to or an unreasonable application of clearly established federal law.  Id.

Here, the Marin County Superior Court, the California Court of Appeal, and the California Supreme Court all adjudicated Petitioner's claims.  As the California Court of Appeal and California Supreme Court issued summary denials of Petitioner's claims, the Court "look[s] through" those courts' decisions to the last reasoned decision; namely, that of the Marin County Superior Court. See Ylst v. Nunnemaker, 501 U.S. at 804.

**III.  Review of Petitioner's Claims**

Petitioner seeks to have both of the disciplinary reports expunged because they violate his due process rights and are unconstitutionally vague.  (Pet., 8, Nov. 19, 2008, EFC No. 1.) Alternatively, Petitioner seeks to have 03-06-NB-10-024 changed from a CDC 115 serious offense to an administrative rules violation.  Id. at 9.

Due Process

Prisoners cannot be entirely deprived of their constitutional rights but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

When a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.

1  at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported
2  by "some evidence." Hill, 472 U.S. at 455, citing U.S. ex rel. Vatauer v. Commissioner of
3  Immigration, 273 U.S. 103, 106 (1927).
4        The superior court found that Petitioner's due process rights were not violated.  This is not an
5  unreasonable application of federal law as the record reflects that Petitioner received copies of all
6  non-confidential documents, including written statements of the violations, at least twenty-four hours
7  prior to the hearing.  Also, each hearing was held within thirty days of the respective rules violation
8  and a report was issued after each hearing, setting forth the evidence on which the senior hearings
9  officer relied in finding Petitioner guilty.
10       Additionally, the Court finds "some evidence" supporting the disciplinary actions.  "Inmates
11 may possess only the personal property, materials, supplies, items, commodities and substances, up
12 to the maximum amount received or obtained from authorizes sources, as permitted in these
13 regulations."  (Answer Ex. 3, 18 (citing Cal. Code Regs., tit. 15, § 3006 (2006)).)  The record
14 indicates that none of the items found in either rule violation was an item that could be legally
15 obtained through an authorized source.  The record also indicates that much of that contraband was
16 discovered in Petitioner's area of control.  Furthermore, in an interview with prison staff, Petitioner
17 insisted that his name is "Meke," not "Mick," so the DVDs with the name "Mick" written on them,
18 clearly were not his.  The reviewer for the second level appeal pointed out that "the majority of staff
19 and incarcerated individuals not familiar with [Petitioner]'s language would make the mistake and
20 write "Mick" indicating [Petitioner]."  (Answer Ex. 3, 21.)  Thus, the superior court's finding that
21 "some evidence" supported the senior hearing officer's finding of guilt was not an unreasonable
22 application of clearly established federal law.
23       Petitioner alternatively claims that the serious rules violation, i.e. CDC 115, that he received
24 for contraband in case 03-06-NB-10-024 should be reduced to an administrative rule violation.
25 California Code of Regulations, Section 3315, specifies that serious rule violations include but are
26 not limited to, 'theft, destruction, misuse, alteration, damage, unauthorized acquisition or exchange
27 of personal or state property amounting to more than $50." Cal. Code Regs., tit. 15, § 3315(a)(3)(B)
28 (2006).  The hundreds of DVDs and CDs, audio entertainment device, lighters, remote controls, and

fish tank have been found by every level of appeal to clearly have a value exceeding fifty dollars. Petitioner does not dispute the valuation. As the value of the property brings the contraband squarely within the plain language of the regulation, there is some evidence supporting the senior hearings officer's finding of a serious rule violation.

In sum, all due process requirements were satisfied and Petitioner should not be granted habeas relief with regards to this claim.

Unconstitutionally Vague Regulations

Petitioner claims that California Code of Regulations, sections 3044[2], 3314, and 3315, are impermissibly vague because they do not adequately set forth what property inmates may or may not possess.

Application of the standards set forth in AEDPA are significantly impeded where, as here, the state court supplies no reasoned decision for one of Petitioner's federal claims. Delgado v. Lewis, 223 F.3d 976, 981 (9th Cir. 2000). Under such circumstances, the Court independently reviews the record to determine whether the state court clearly erred in its application of Supreme Court law. Id. at 982 ("Federal habeas review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of controlling federal law"); see also Greene v. Lambert, 288 F.3d 1081, 1089 (9th Cir. 2002). Although the Court independently reviews the record, it still defers to the state court's ultimate decision. Because the superior court did not set forth reasoning regarding the vagueness issue raised by Petitioner, this Court will make an independent review of the record to determine whether Petitioner's constitutional rights were violated by being charged under allegedly unconstitutionally vague regulations.

Generally, a regulation is void for vagueness "if it fails to give adequate notice to people of ordinary intelligence concerning the conduct it proscribes or if it invites arbitrary and discriminatory enforcement." United States v. Doremus, 888 F.2d 630, 634 (9th Cir. 1989); see also Maynard v. Cartwright, 486 U.S. 356, 361 (1988) (finding that challenges to a regulation or statute's vagueness

---

[2] Section 3044 pertains to inmate work groups and bears no relevance to the subject at hand, thus, the Court will not consider this section in its analysis. See Cal. Code Regs., tit. 15, 3044.

that do not implicate First Amendment rights are analyzed on an as applied basis).  Consequently, the inquiry this Court undertakes is whether sections 3314 and 3315 provided Petitioner with adequate notice as to what the regulation prohibits and whether the regulation provided the state court with adequate guidance for its review.

Section 3314 pertains to administrative rule violations.  The regulation sets forth what constitutes an administrative rule violation, how the hearing procedure is to take place, what rights an inmate has during that procedure and what possible dispositions the hearing officer may order upon a guilty finding.  See Cal. Code Regs., tit. 15, § 3314 (2006).  Petitioner complains that the regulation does not specify the amount or type of property that is prohibited.  The statute contains an extensive list of conduct that would subject an inmate to an administrative rule violation; most relevant to this cause is "possession of property, materials, items, or substances in excess of authorized limits . . ."  Id. §3314(3)(b).  The regulation gives a person of ordinary intelligence adequate notice as to what type of activity is prohibited and the state court guidance for reviewing such a violation.  As Petitioner was not assessed an administrative rule violation, the Court cannot look to the application of the statute as pertaining directly to Petitioner's case.  However, the court notes that requiring the statute to contain an exhaustive list of prohibited personal property, as Petitioner suggests, would be wholly unreasonable.

Section 3315 pertains to serious rule violations.  In pertinent part, the regulation sets forth that a serious rule violation includes "theft, destruction, misuse, alteration, damage, unauthorized acquisition or exchange of personal or state property amounting to more than $50."  Cal. Code Regs., tit. 15, § 3315(a)(3)(B) (2006).  While this regulation does not set forth an exhaustive list of what is or is not authorized personal property, the regulation does make quite clear that, should an inmate acquire unauthorized property valued at more than fifty dollars, the inmate is subject to a serious rules violation.  This regulation gives a person of ordinary intelligence notice that, if an inmate is found with more than fifty dollars worth of contraband, the inmate will receive a serious rules violation.  Furthermore, the regulation gives the state court adequate guidance as to what is or is not a serious rule violation.

\\

Petitioner failed to meet his burden in showing that sections 3114 and 3115 are unconstitutionally vague. The superior court's denial of this argument in the state petition for writ of habeas corpus is not an unreasonable application of federal law.

## CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus should be denied.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for a writ of habeas corpus be DENIED. It is FURTHER RECOMMENDED that the Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 9, 2010**               /s/ John M. Dixon
                                          UNITED STATES MAGISTRATE JUDGE